ORDERED.

Dated:  August 30, 2016

_____
Roberta A. Colton
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| Patchiammal Benjamin | ) | Case No.  6:16-bk-00994-RAC |
| *aka* Pachi Benjamin, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | |

**ORDER DENYING MOTION FOR CLARIFICATION OF DEADLINE TO FILE INITIAL BRIEF OR, ALTERNATIVELY, REQUEST FOR EXTENSION OF TIME TO FILE INITIAL BRIEF, AND DENYING REQUEST FOR FEE WAIVER**

THIS CASE comes before the Court upon the Debtor's Motion for Clarification of Deadline to File Initial Brief, or in the Alternative, Request for Extension of Time to File Initial Brief (the "Motion") (Doc. No. 50), and Debtor's Application to Have the Chapter 7 Filing Fee Waived (Official Form 103B), which the Court treats as a request for waiver of the filing fee for her appeal (the "Request for Fee Waiver") (Doc. No. 51).

In the Motion, Debtor seeks clarification of the deadline to file the initial brief on Debtor's appeal of this Court's orders granting Wells Fargo Bank's motion for relief from the stay and denying Debtor's motion for reconsideration of the same.  Absent order of the District Court, an initial brief on appeal is due "30 days after the docketing of notice that the record has

been transmitted [to the district court] or is available electronically." Fed. R. Bank. P. 8018(a)(1). As the record does not appear to have been transmitted yet, a deadline cannot be determined. Therefore, the Motion will be denied.

In an effort to comply with the terms of the Order entered in this case on August 16, 2016 (Doc. No. 48), the Debtor filed a document which the Court will treat as a Request for Fee Waiver. Although the Court forgives the use of an inapplicable form, the Court cannot forgive Debtor's failure to honestly and accurately complete the form. Debtor failed to disclose her prior two cases before this Court.[1] (Doc. No. 51, p. 3). Debtor has not offered a good faith argument to support the request for waiver of the appeal's filing fee, nor that the appeal is not frivolous. *See Lu v. Ravida (In re Ravida)*, 296 B.R. 278, 282–83 (B.A.P. 1st Cir. 2003); *In re Ray*, Case No. 16-40111, 2016 WL 3211449, at *3 (Bankr. S.D. Ga. June 1, 2016). On the former, it does not appear that Debtor qualifies for *in forma pauperis* status.[2] More importantly, on the latter, the Court again notes that due to Debtor's prior filing, the automatic stay expired by operation of the Bankruptcy Code 30 days after the petition was filed. *See* 11 U.S.C. § 362(c)(3). Debtor failed to seek an extension of the stay, as required by law.

In short, the Court is familiar with Debtor given her history of bankruptcy petitions in this Court. Upon consideration of all the circumstances, the Court cannot conclude that the appeal was filed in good faith. For these reasons, the Request for Fee Waiver must be denied.

Accordingly, it is **ORDERED:**

1. The Motion is **DENIED.**

---

[1] In two previous cases, which were filed under Chapter 13, Debtor failed to file required information, including schedules, or make any plan payments. Further, in both cases, Debtor filed applications to pay fees in installments and, thereafter, paid those fees.

[2] Debtor lists among her assets a home valued at $168,000 (with a disputed mortgage) and a cause of action at $500,000. Both have been abandoned to Debtor by the Chapter 7 trustee. Her bare bones schedules indicate only a single unsecured creditor. She has not made a mortgage or rental payment in years.

2. Debtor's request for waiver of the filling fee for the appeal is **DENIED**.

3. Debtor shall pay the required filing fee within ten (10) days from entry of this Order.

    Failure to pay the fee, in full, will result in the dismissal of the appeal.


The Clerk is directed to serve a copy of this order on interested parties who are non-CM/ECF users.